UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAUREN GOSTON, individually
and for others similarly situated,

        Plaintiff,

v.                                                       Case No. 24-cv-1482-bhl

FROEDTERT THEDACARE HEALTH, INC.,

        Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND GRANTING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

---

      Named Plaintiff Lauren Goston has filed a class and collective action against Defendant Froedtert ThedaCare Health, Inc. (Froedtert) alleging that Froedtert violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and the Wisconsin Wage Payments, Claims and Collections Law (WPCCL) by misclassifying her as an independent contractor and failing to pay her overtime. Froedtert has moved to dismiss Goston's claims, insisting that her claim for overtime payments is subject to arbitration and that her pursuit of class certification is barred by a class waiver provision. Froedtert also asks the Court to stay the action pending completion of the arbitration. *See* 9 U.S.C. §§ 3, 4. Goston does not contest that her claims are subject to arbitration and agrees to have her individual claims stayed pending arbitration. Through counsel, however, she argues that the case should proceed as to the claims of other individuals who have not entered into arbitration agreements and proposes to amend the complaint to add Shannon Gercaliu, a FLSA collective action opt-in, as a substitute named plaintiff. For the reasons explained below, the Court will grant Froedtert's motion to compel arbitration and stay all proceedings as to Goston. The Court will also grant Goston's motion to amend the complaint and deny Froedtert's request for a stay as to any class members whose claims are not subject to arbitration.

# BACKGROUND

Froedtert is a healthcare entity that operates hospitals and clinics throughout Wisconsin. (ECF No. 27 ¶3.) In 2019, Froedtert contracted with CareStat! d/b/a CareRev (CareRev), an entity that offers a technology platform allowing healthcare professionals to connect with and provide services to healthcare entities on an as-needed basis. (*Id.* ¶¶4–5; ECF No. 28 ¶3.) Using CareRev's platform, healthcare professionals can sign-up and register on an application, and, after being verified by CareRev, can select and work shifts for participating health care entities. (ECF No. 28 ¶¶5–7.) Froedtert uses the CareRev platform to help fill staffing gaps it cannot otherwise cover through its own employed workforce. (ECF No. 27 ¶¶2, 6.) To use the CareRev platform, healthcare professionals must agree to CareRev's Professional Independent Contractor Terms (IC Terms). (ECF No. 28 at ¶¶7–8.)

Goston is a registered nurse who used CareRev to claim shifts at Froedtert facilities in Wisconsin on an on-demand basis. (*Id.* ¶11.) In using CareRev's platform, Goston agreed to a version of the IC Terms dated June 17, 2024. (*Id.* ¶12.) The IC Terms included the following language:

> **PLEASE READ THESE HEALTHCARE PROFESSIONAL TERMS CAREFULLY TO ENSURE THAT YOU UNDERSTAND EACH PROVISION. THESE TERMS CONTAIN A MANDATORY INDIVIDUAL ARBITRATION AGREEMENT IN SECTION 19 AND CLASS ACTION/JURY TRIAL WAIVER PROVISION IN SECTION 19 (COLLECTIVELY, THE "ARBITRATION AGREEMENT") THAT REQUIRE THE EXCLUSIVE USE OF FINAL AND BINDING ARBITRATION ON AN INDIVIDUAL BASIS ONLY TO RESOLVE DISPUTES, RATHER THAN JURY TRIALS OR CLASS, COLLECTIVE, PRIVATE ATTORNEY GENERAL, OR REPRESENTATIVE ACTIONS OR PROCEEDINGS.**
>
> By accessing or using the Marketplace, or by clicking a button or checking a box marked "I Agree" (or something similar), you signify that you have read, understood, and agree to be bound by these Terms, including the ARBITRATION Agreement in Section 19 . . . .

(ECF No. 28-1 at 1) (emphases in original). CareRev's proprietary software platform, "Shed," tracks and captures each acceptance of the IC Terms. (ECF No. 28 ¶19.) Shed captured Goston's acceptance on July 15, 2024. (*Id.* ¶20.)

Section 19 of the IC Terms contains an Arbitration Agreement that provides, in part:

> READ THIS SECTION CAREFULLY BECAUSE IT REQUIRES THE PARTIES TO ARBITRATE THEIR DISPUTES AND LIMITS THE MANNER IN WHICH YOU CAN SEEK RELIEF FROM US. To the fullest extent permitted by applicable law, you and CareRev (each a "party" and collectively the "parties") agree to arbitrate any and all disputes, controversies, or claims between you and CareRev, you and any Healthcare Facility, or you and CareRev jointly with any Healthcare Facility . . . .
>
> For the avoidance of doubt, "Claims" includes claims by or against CareRev [and] claims by or against any Healthcare Facility. . . . The parties agree that any Healthcare Facility that you perform work at or for is intended to be a third-party beneficiary of this Arbitration Agreement.
>
> [T]he Claims include, but are not limited to . . . wage and hour claims . . . contract claims, common law claims, and claims based upon any federal, state, or local ordinance, statute, regulation, or constitutional provision. . . .

(ECF No. 28-1 at 6–7.) The arbitration agreement applies to any and all disputes, controversies or claims and "Claims" expressly includes wage and hour claims. (*Id.*)

The IC Terms also provide a class waiver:

> The parties agree that Claims will be resolved on an individual basis only, and not on a class, collective, or representative basis on behalf of other individuals or Healthcare Professionals, including under California's Private Attorneys General Act ("PAGA"), to the fullest extent permitted by applicable law ("Class Waiver"). Any claim that all or part of the Class Waiver is invalid, unenforceable, unconscionable, void, or voidable may be determined only by a court. In no case may class, collective, or representative claims proceed in arbitration on behalf of other individuals or Healthcare Professionals.

(*Id.* at 7.)

Goston does not dispute that she signed a valid arbitration agreement. She also does not contest Froedtert's motion to compel her individual claims to arbitration and agrees that her individual claim should be stayed pending arbitration. (ECF No. 29 at 1–2.) Goston argues that compelling her to arbitrate her claims should not result in a stay of anything other than her individual claims. She notes that nineteen other individuals (now twenty-four since Goston filed her response) have consented to proceed before the Court. (*See id.* at 1; ECF Nos. 31 & 35.) She

insists those potentially aggrieved individuals have taken the only step required by the FLSA to achieve party plaintiff status when each of them filed a written consent to join the FLSA collective action pending in this Court. (ECF No. 29 at 1.) Goston further states that these plaintiffs are not subject to arbitration agreements. (*Id.* at 7.) Goston therefore seeks leave to amend the complaint to add opt-in plaintiff Shannon Gercaliu as a named plaintiff who, upon information and belief, did not sign an arbitration agreement and could therefore carry on the prosecution of this matter while Goston's claims are resolved through the required arbitration. (ECF No. 30 at 3.)

**ANALYSIS**

It is undisputed that a valid arbitration agreement exists between Goston and Froedtert and that her claims fall within the scope of the agreement. As previously noted, Goston concedes that her individual claims are subject to arbitration and that she has expressly waived her right to participate in a class action. The Court will therefore grant Froedtert's motion to compel arbitration, enforce the class waiver, and dismiss Goston's putative class claims. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 351 (2011) (recognizing validity of class waivers under the Federal Arbitration Act (FAA)). When "a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 478–79 (2024).

The remaining issue is the status of the twenty-four other individuals who have filed notices of consent to join in her FLSA collective action claims. (*See* ECF Nos. 3, 4, 6, 19, 20, 23, 24, 31, 35.) Froedtert argues that the Seventh Circuit has made clear that opt-ins before a collective action is conditionally certified are not parties and cites *Hollins v. Regency Corp.*, 867 F.3d 830 (7th Cir. 2017); *Rodgers-Rouzier v. American Queen Steamboat Operating Co.*, 104 F.4th 978 (7th Cir. 2024); and *Rattunde v. Scores Chicago Gentleman's Club*, No. 23 C 14706, 2024 WL 4555336 (N.D. Ill. Oct. 23, 2024). (ECF No. 26 at 2 n.1.) Goston contends that these cases do not prevent the opt-in plaintiffs from proceeding in this case and has filed a motion to amend the complaint to replace Goston with Gercaliu as a named plaintiff. (ECF No. 30.) The Court agrees with Goston and for purposes of judicial economy will grant her motion to amend the complaint, allowing the Court to proceed with adjudicating the claims of the opt-in plaintiffs who have not agreed to arbitrate.

As an initial matter, Froedtert has not offered evidence that any of the opt-in plaintiffs are subject to an enforceable arbitration agreement or contested that the motion to amend satisfies the

standards for seeking and granting a motion for leave to amend. (*See* ECF No. 33 at 2.) Instead, Froedtert argues that the Court should deny the Goston's motion to amend the complaint while allowing her leave to refile after the arbitration between her and Froedtert is complete. (*Id.*) Because Goston's proposal makes sense and Froedtert has not shown that the filing of the proposed amended complaint will unfairly prejudice it in any way, the Court will grant the motion. Doing so will allow Gercaliu to appear and participate as an additional named plaintiff and keep this case moving forward.

The cases cited by Froedtert do not preclude opt-in plaintiffs from proceeding with their case when the claims of the named plaintiff are stayed pending arbitration. In *Hollins*, the district court granted summary judgment on the grounds that the defendant's cosmetology students were not employees under the FLSA and denied as moot a motion for conditional certification under the FLSA and for certification of a Rule 23 class action of state-law claims. 867 F.3d at 831–32. During the pendency of the litigation, numerous employees had filed written consents. *Id.* at 832. The plaintiff appealed but became concerned about appellate jurisdiction because of the individuals who had opted in to the FLSA action. *Id.* To resolve that question, she moved to dismiss the appeal or to confirm appellate jurisdiction. *Id.* The Seventh Circuit examined whether "aspiring members" of a collective action who have signaled their interest by filing "opt-in" notices in a FLSA case are "parties" whose claims have not yet been resolved for purposes of appellate jurisdiction. *Id.* at 833. The Court of Appeals noted that the collective action had never been conditionally certified and the district court had not "in any other way accepted efforts by the unnamed members to opt in or intervene." *Id.* The Court concluded that there was an appealable final judgment and that "the unaccepted opt-in notices that the district court received do not stand in the way of that conclusion. The collective action was never conditionally certified, and those notices did not, of their own force, make the filers 'parties' whose unresolved claims would defeat finality." *Id.* at 834. This case is not like *Hollins*. Here, the Court has not adjudicated the merits of Goston's or the opt-in plaintiffs' claims, and Goston's individual claims will be stayed, not dismissed. At most, *Hollins* establishes that collective action opt-ins are not party plaintiffs for purposes of pursuing an appeal and unaccepted opt-in notices do not prevent the entry of final judgment. That ruling has no relevance here.

In *Rodgers-Rouzier*, the Seventh Circuit reversed a district court order compelling arbitration pursuant to Indiana law, finding that the FAA governed the arbitration agreement at

issue. 104 F.4th at 981–82. Although the district court determined the opt-ins were not parties to the litigation prior to certification, the Seventh Circuit declined to address the issue on appeal. *Id.* at 995 ("Likewise, our resolution of Rodgers-Rouzier's arbitration agreement means we do not need to separately decide anything with respect to the 127 other employees who sought to opt into her suit before the district court sent notice to them and who later joined her appeal."). The Seventh Circuit thus reserved for another day the issue of whether individuals, who have opted in to an FLSA collective action, are considered parties to the case.

In *Rattunde*, the plaintiff brought a class action lawsuit against her employer for failure to pay wages and other claims under state law. 2024 WL 4555336, at *1. The district court granted the defendant's motion to compel arbitration, denied as moot plaintiff's motion for conditional class certification, and stayed the proceedings. *Id.* at *7–8. The court also addressed the motions of three individuals who filed notice of opt-in consent forms on the docket. The court cited *Hollins* as instructive and denied defendant's motion to compel the opt-in individuals to arbitration as moot as "they are not parties before this Court." *Id.* at *8. *Rattunde* is also distinguishable. Goston seeks to amend the complaint to add a named plaintiff who, upon information and belief, is not subject to an arbitration agreement.

Other circuits have determined that a plaintiff who opts in to a collective action has party status. *See Waters v. Day & Zimmerman NPS, Inc.* 23 F.4th 84, 90 (1st Cir. 2022) (collecting cases). The plain language of the FLSA appears to support that those who opt in become party plaintiffs upon the filing of a consent and nothing further, including conditional certification, is required. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); *see also Campbell v. City of Los Angeles*, 903 F.3d 1090, 1104 (9th Cir. 2018) ("The FLSA leaves no doubt that 'every plaintiff who opts in to a collective action has party status.'" (quoting *Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 225 (3d Cir. 2016))).

The Court, however, need not rule as to whether employees who have filed required written consents are party plaintiffs because the Court will grant Goston's motion to amend the complaint to add a plaintiff to represent the class who (upon information and belief) did not sign an arbitration agreement. Generally, a motion to file an amended complaint is governed by Federal Rule of Civil Procedure 15, which, after certain deadlines, allows a party to amend "only with the opposing

party's written consent or the court's leave," which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Whether to grant or deny a motion to amend is within the district court's discretion. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). Leave to amend may be denied for undue delay, bad faith, dilatory motive, prejudice or futility. *Ind. Funeral Dirs. Ins. Tr. v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir 2003) (citing *Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002)). The Court concludes that leave should be given to amend the complaint because, although Goston signed an agreement to arbitrate with CareRev, the claims of the opt-in plaintiffs should be permitted to continue by way of a different named plaintiff, who has consented to the lawsuit. *See Cramer v. Bank of Am., N.A.*, No. 12 C 8681, 2013 WL 2384313, at *5 (N.D. Ill. May 30, 2013) (granting plaintiffs' motion for leave to amend the complaint by adding two named plaintiffs to represent the class where the original named plaintiffs were subject to an arbitration agreement). None of the typical reasons for denying leave to amend are present in this case: there has not been any undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmovants, or futility of amendment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to compel arbitration of Plaintiff's individual claims, ECF No. 25, is **GRANTED** and Plaintiff's individual claims are **STAYED** pending the completion of arbitration of Plaintiff's individual claims.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend the complaint, ECF No. 30, is **GRANTED**. The Clerk is directed to docket Plaintiff's proposed Amended Complaint, ECF No. 30-1, as a separate docket entry as of the date of this Order.

Dated at Milwaukee, Wisconsin on June 23, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge